# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DONALD PHILLIPS | CIVIL ACTION |
| VERSUS | 16-490-SDD-EWD |
| C. GREEN; TRUDY PEARY; BRIAN BOUDREAUX; TRUDY REDDY | |

## RULING

This matter is before the Court on the *Motion for Summary Judgment*[1] filed by Defendants, C. Green and Trudy Peary[2] ("Defendants").[3] Plaintiff, Donald Phillips ("Plaintiff"), has filed an *Opposition*,[4] to which Defendants filed a *Reply*.[5] For the following reasons, the Court finds that Defendants' *Motion* should be granted.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections.[6] His suit arises out of several days in mid-November 2015, when he suffered a stroke while housed in the Iberville Parish Jail.[7] Plaintiff asserts that he began experiencing headaches on November 9, 2015 and attempted to report this symptom to

---

[1] Rec. Doc. No. 39.
[2] The record reflects multiple spellings of this party's name, including "Peary" and "Peavy." Because counsel for the Defendants refers to her as "Trudy Peary," the Court adopts that spelling in this ruling.
[3] Defendant Boudreaux has not joined in this motion. Defendant Trudy Reddy has not made an appearance; her summons was returned unexecuted with a notation that "there is no Trudy Reddy @ Iberville Parish Jail per C. Williams Records Office for the Parish Jail." (Rec. Doc. No. 16).
[4] Rec. Doc. No. 40.
[5] Rec. Doc. No. 43.
[6] Rec. Doc. No. 1, p. 2 at ¶ 4.
[7] Rec. Doc. No. 40-5, p. 1.

48113

jail staff, who allegedly told him he was "not allowed"[8] to see a doctor. His condition worsened, and by November 11, 2015, he felt "drained" and noticed that "he had begun to slur his speech and have a bad headache and his face was tingling."[9] When jail medical staff met with Plaintiff on the morning of November 13th, Plaintiff alleges that he "could not speak and had paralysis,"[10] but in the presence of the nurse, was able to "mumble[] that he had a stroke."[11] When Plaintiff telephoned home around 2:10pm on November 13th, his wife and grandson were allegedly alarmed by the slurring of his speech.[12] By 4:00pm, when Plaintiff's wife arrived at Iberville Parish Jail to check on him, he had been transported to Ochsner Hospital.[13] There, he alleges, "he was advised that the stroke was preventable and that had he obtained medical attention sooner, the stroke would have been avoided."[14] Plaintiff was discharged from the hospital and returned to Iberville Parish jail on November 16, 2015.[15]

On January 10, 2016, roughly fifty-eight days after his hospitalization, Plaintiff filed an Inmate Grievance in Iberville Parish Jail regarding the above series of events.[16] His Grievance was rejected the next day by the Warden, who checked a box on the form indicating it was rejected because it was "filed more than 30 days after event."[17] Plaintiff signed the bottom section of the Grievance, indicating he had received the rejection.[18]

---

[8] Rec. Doc. No. 1, p. 4, ¶ 9.
[9] *Id.*
[10] *Id.* at ¶ 13.
[11] *Id.*
[12] Rec. Doc. No. 1, p. 5, ¶ 15.
[13] *Id.* at ¶ 22.
[14] *Id.* at ¶ 23.
[15] Rec. Doc. No. 40-5, p. 1.
[16] Rec. Doc. No. 39-5, p. 1.
[17] *Id.*
[18] *Id.*

48113

On July 22, 2016, Plaintiff filed suit pursuant to 28 U.S.C. § 1983 against Defendants, both Officers in the Iberville Parish Jail who interacted with Plaintiff during the relevant days in mid-November 2015. Plaintiff seeks "damages from being denied medical treatment and access to a doctor and/or by the acts and omission of Defendants."[19] Defendants Green and Peary filed a *Motion for Summary Judgment*, arguing that they are entitled to judgment as a matter of law because "[P]laintiff failed to exhaust the available administrative remedies as required by law prior to filing suit."[20]

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[21] "When assessing whether a dispute to any material fact exists, we consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence."[22] A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[23] If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[24] However, the

---

[19] Rec. Doc. No. 1, p. 1.
[20] Rec. Doc. No. 39-2, p. 1.
[21] Fed. R. Civ. P. 56(a).
[22] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).
[23] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (M.D. La. 2003)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. at 2552)).
[24] *Rivera v. Houston Independent School Dist.*, 349 F.3d 244, 247 (5th Cir. 2003)(quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).
48113

non-moving party's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[25]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[26] All reasonable factual inferences are drawn in favor of the nonmoving party.[27] However, "[t]he Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[28] "Conclusory allegations unsupported by specific facts … will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his allegations … to get to a jury without any "significant probative evidence tending to support the complaint."'"[29]

### B. Exhaustion

Defendants contend that they are entitled to judgment as a matter of law because there is no genuine issue of material fact as to whether Plaintiff exhausted all the available administrative remedies before filing suit. They assert that, because Plaintiff "did not proceed to the second step of the procedure,"[30] he did not exhaust his remedies. Plaintiff counters that, "to the extent any administrative remedy may be required, the Plaintiff

---

[25] *Willis v. Roche Biomedical Laboratories, Inc.,* 61 F.3d 313, 315 (5th Cir. 1995)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[26] *Pylant v. Hartford Life and Accident Insurance Company*, 497 F.3d 536, 538 (5th Cir. 2007)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).
[27] *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).
[28] *RSR Corp. v. International Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).
[29] *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994)(quoting *Anderson*, 477 U.S. at 249).
[30] Rec. Doc. No. 43, p. 4.

48113

exhausted same."[31] The issue of exhaustion must be analyzed with reference to the applicable law.

1. <u>The Exhaustion Requirement for §1983 Suits by Prisoners</u>

The Prison Litigation Reform Act provides that a prisoner cannot bring a §1983 action with respect to prison conditions before all "administrative remedies as are available are exhausted."[32] Federal courts generally take a strict approach to the exhaustion requirement. The United States Supreme Court has held that the exhaustion requirement is "mandatory,"[33] and the United States Court of Appeals for the Fifth Circuit has held that "District Courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint . . . the case must be dismissed if available administrative remedies were not exhausted."[34]

Though strict, the exhaustion requirement is not absolute. Recognizing the importance of ensuring that inmates have avenues for discovering the procedural rules governing their grievances, the Fifth Circuit has at times held that prison officials' statements concerning administrative remedies can render such remedies "unavailable."[35] However, as long as an inmate has *access* to information about the grievance procedure, the inmate's actual knowledge of the procedure is irrelevant to the determination of whether he exhausted his remedies.[36]

---

[31] Rec. Doc. No. 40, p. 3.
[32] 42 U.S.C.A. § 1997e(a).
[33] *Porter v. Nussle*, 534 U.S. 516, 524 (2002).
[34] *Gonzales v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).
[35] *See Alexander v. Tippah County*, 351 F.3d 626, 630 (5th Cir.2003) (per curiam); *Ferrington v. La. Dep't of Corrs.,* 315 F.3d 529, 532 (5th Cir.2002) (per curiam).
[36] *Thomas v. Federal Bureau of Prisons*, No. CIVA CV05-1222, 2006 WL 3861962, at *2 (W.D.La. Dec.13, 2006) (holding that a prisoner's "alleged ignorance [of the grievance process] is not an excuse [for failure to follow the grievance process] as no exceptions have been read into § 1997e(a)"). *See* also *Plaisance v. Cain*, 374 F. Appx. 560, 561 (5th Cir. 2010)("[plaintiff's] ignorance of the law does not relieve him of his
48113

In the Fifth Circuit, "[e]xhaustion is defined by the prison's grievance procedures, and courts neither may add to nor subtract from them."[37] Proper exhaustion of remedies "requires that the prisoner not only pursue all available avenues of relief but also comply with all administrative deadlines and procedural rules."[38] It is not enough for prisoners to "*substantially* comply with the prison's grievance procedures."[39] Moreover, "[a] plaintiff's administrative remedies are not exhausted unless he has pursued his grievance through the conclusion of a multi-step administrative remedy procedure."[40]

2. Analysis

Plaintiff contends in his *Opposition* to the instant motion that he did, in fact, exhaust the available administrative remedies.[41] Plaintiff also argues that his Inmate Grievance was improperly rejected because, as an inmate in state custody, he was subject to the Administrative Remedy Procedure set out by the state, not the Iberville Parish Inmate Grievance Procedure promulgated by the Sheriff of that parish, where Plaintiff was housed at the time of the events that gave rise to this suit.

Regardless of which set of procedures applied to Plaintiff, the law is clear that "administrative remedies are not exhausted unless [Plaintiff] has pursued his grievance through the conclusion of a multi-step administrative remedy procedure."[42] Both the

---

obligation to comply with procedural requirements.")(citing *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir.1999).
[37] *Cantwell v. Sterling*, 788 F.3d 507, 509 (5th Cir. 2015) (citing *Jones v. Bock*, 549 U.S. 199, 216, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007)).
[38] *Johnson v. Kukua*, 342 Fed. Appx. 933, 934 (5th Cir. 2009) (unpublished).
[39] *Wilson v. Epps*, 776 F.3d 296, 300 (5th Cir. 2015) (emphasis added) (quoting *Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010)).
[40] *Smith v. St. Tammany Par. Sheriff's Office*, No. CIV. A. 07-3525, 2008 WL 3010038, at *3 (E.D. La. Aug. 1, 2008) (quoting *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)).
[41] Rec. Doc. No. 40, p. 3.
[42] *Smith v. St. Tammany Par. Sheriff's Office*, No. CIV. A. 07-3525, 2008 WL 3010038, at *3 (E.D. La. Aug. 1, 2008) (quoting *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir.2001)).
48113

Iberville Parish Inmate Grievance Procedure and the state's Administrative Remedy Procedure have two steps; each provides for an initial filing followed by a form of appeal or review. The Iberville procedure requires that the Grievance form be completed and "received by the Warden or designee within 30 days of the complained incident."[43] When the inmate receives the response, he "may request review by the Warden within 5 days of the inmate's receipt of the response."[44]

Similarly, the state procedure provides that "a request to the warden shall be made in writing within a 90-day period after an incident has occurred"[45] to initiate the formal grievance process. Then, "[a]n offender who is dissatisfied with the first step response may appeal to the secretary of the Department of Public Safety and Corrections . . . within five days of receipt of the decision."[46] The procedure lastly states that, "[i]f an offender is not satisfied with the second step response, he may file suit in district court."[47]

Regardless of which procedure Plaintiff *thought* applied to him, the fact that he took no action after his initial filing was rejected demonstrates that he did not exhaust his available remedies because both the state and parish procedures require more than one step. The record does not reflect any attempt by Plaintiff to request review of the Warden's rejection of his Grievance. Even if Plaintiff was subject to the state procedure, as he alleges was his belief, he likewise failed to exhaust his remedies under that policy, since it requires that an appeal be filed within five days of receipt of the first step decision.

The fact that both procedures describe the "second step" in discretionary terms

---

[43] Rec. Doc. No. 39-4.
[44] *Id*. at p. 4.
[45] Louisiana Administrative Code (LAC) 22:I.365(G).
[46] LAC, 22:I.365(J)(1)(b)(i).
[47] LAC, 22:I.365(J)(1)(b)(iv).
48113

("the inmate *may* request review" in Iberville,[48] and "an offender. . .*may* appeal" in the state procedure[49]) is of no moment. The Eastern District of Louisiana has held that "it is irrelevant that the language on the form is phrased in discretionary rather than mandatory terms. Even if the plaintiffs were under the impression that seeking further review was optional and that inmates were not required to request such review if their grievances went unanswered, that would not excuse the federal exhaustion requirement which mandates exhaustion of all 'available' administrative remedies."[50]

Plaintiff asserts that during his time in Iberville Parish Jail, "no notice had been provided of the 30 days restriction that differed from the DOC regulation."[51] Defendants, in turn, offer the Declaration of Warden Joseph Edwards, wherein he states that the Iberville Parish Jail Inmate Grievance Procedure "is explained to all the inmates at the facility."[52] The Procedure on its face states that "employees and inmates will be informed of the provisions of this procedure in writing and by oral explanation, with an opportunity to ask questions and receive oral answers."[53] Further, the Procedure states that "a copy . . . will be available for inmate use."[54] Plaintiff offers no competent summary judgment evidence to dispute Defendants' record evidence showing that the policy is explained and made available to inmates. Therefore, Plaintiff's pleadings do not give rise to a genuine dispute on the issue of his access to information about the grievance procedures.

---

[48] Rec. Doc. No. 39-4, p. 4.
[49] LAC 22:I.365(J)(1)(b)(i).
[50] *Ates v. St. Tammany Par.*, No.13-5732, 2014 WL 1457777, at *3, n.10 (E.D. La. Apr. 15, 2014). *(citing Smith v. St. Tammany Parish Sheriff's Office*, No. 07–3525, 2008 WL 3010038, at *3 n. 11 (E.D.La. Aug. 1, 2008); *Voyles v. Strain*, No. 07–3090, 2008 WL 152111, at *4 n. 12 (E.D.La. Jan. 14, 2008); *Negron v. Perkins*, No. 07–449, 2007 WL 3171542, at *2 n. 6 (E.D.La. Oct. 25, 2007).
[51] Rec. Doc. No. 40, p. 3.
[52] Rec. Doc. No. 39-4, p. 1.
[53] Rec. Doc. No. 39-4, p. 2.
[54] *Id.*

48113

Overall, Plaintiff has not set forth specific facts that create a disputed factual issue around the exhaustion requirement. The law is clear: because he did not pursue every step of the procedure, Plaintiff did not exhaust his remedies. Louisiana federal courts have come to the same conclusion when faced with similar facts. In *Smith v. St. Tammany Parish Sheriff's Office*,[55] the United States District Court for the Eastern District of Louisiana granted a motion for summary judgment where the record reflected that the plaintiff, an inmate, failed to exhaust his administrative remedies because he did not exhaust all three steps of the procedure set forth by the St. Tammany Parish Sheriff. Like Plaintiff herein, the plaintiff in *Smith* was in state custody but being housed in a parish jail. If the *Smith* plaintiff's failure to follow parish procedure was fatal to his claim of exhaustion, the same applies here.

This Court is aware, as the Eastern District noted in *Ates v. St. Tammany Parish Prison*,

> that prisoners who submit administrative grievances at times have their efforts frustrated by unhelpful and unresponsive prison officials, although the Court expresses no opinion as to whether such a situation was present in this matter. Nevertheless, the fact remains that Congress has provided that exhaustion of such remedies is required. If the federal courts were to allow inmates to circumvent available administrative procedures by proceeding directly to federal court, the goals and benefits of the exhaustion requirement would be undermined.[56]

Plaintiff has not shown any disputed issue of fact surrounding the exhaustion requirement. As the Fifth Circuit held in *Gonzales v. Seal*, district courts have no discretion to excuse a plaintiff's failure to exhaust all steps of the grievance procedure.[57] Accordingly,

---

[55] No. 07–3525, 2008 WL 3010038 (E.D.La. Aug. 1, 2008).
[56] No. 13-5732, 2014 WL 1457777, at *4 (E.D. La. Apr. 15, 2014).
[57] 702 F.3d 785, 788 (5th Cir. 2012).
48113

Defendants' *Motion for Summary Judgment* is granted.[58]

### III. CONCLUSION

For the reasons set forth above, the *Motion for Summary Judgment*[59] filed by Defendants, C. Green and Trudy Peary, is GRANTED. The claims of Plaintiff, Donald Phillips, are dismissed with prejudice.[60]

*Judgment* shall be entered accordingly.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on October 12, 2018.

*Shelly D. Dick*

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[58] Defendants also sought the dismissal of Plaintiff's claims on the basis that Defendants were improperly sued in their official capacity. The Complaint clearly states that Defendants are being sued in their individual capacities (Rec. Doc. No. 1, pp. 2-3 at ¶ 5.). In any event, the issue is moot, since the claims against Defendants are dismissed.
[59] Rec. Doc. No. 39.
[60] It is further ordered that Plaintiff's claims against the remaining defendants be DISMISSED with PREJUDICE, as Plaintiff's failure to exhaust is fatal to all claims.
48113